# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. KNIGHT,** | : | **CV. No. 4:09-CV-2222** |
| **Petitioner** | : | |
| | : | **(Judge McClure)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM AND ORDER</u>

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action on November 10, 2009, by filing a pleading styled as a petition for writ of habeas corpus. The court has issued an administrative order directing the petitioner to complete necessary paperwork by December 14, 2009. While the petitioner must comply with this administrative order we will also direct the petitioner to file an amended petition for the reasons set forth below.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. 28 U.S.C. § 1915A. Under Section 1915A, the Court must assess whether a *pro se* pleading "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6).     In considering whether a *pro se* pleading fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the pleading and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the petitioner/plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a *pro se* plaintiff can prove facts that the *pro se* plaintiff has not alleged." Associated Gen. Contractors of Ca. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a plaintiff is required to provide the grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored the responsibility of a trial court to assess whether a complaint states facts upon which relief can be granted. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. At 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, supra, 129 S.Ct. at 1950 (May 18, 2009). According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, in light of Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other

words, a complaint must do more than allege the plaintiff's entitlement
to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).


Applying this standard, the Court places the petitioner on notice that the allegations in the *pro se* petition may be subject to dismissal for failure to state a claim upon which relief can be granted.  In its current form this petition is largely unintelligible, but appears to complain that the petitioner was unjustly convicted in federal court in New Jersey of some crime which petitioner feels should have been prosecuted by state authorities. This allegation, standing alone, appears inadequate to justify relief. Without the inclusion of some further well-pleaded factual allegations, these allegations appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. At 1979.  Since the *pro se* pleading may not contain sufficient factual recitals to state a claim upon which relief may be granted, the petitioner is placed on notice that these allegations may be subject to dismissal.  The Court will, however, provide the petitioner with an opportunity to correct this potential deficiency and avoid the possible sanction of dismissal of claims.  Accordingly, **IT IS ORDERED** that the petitioner shall file an

amended petition on or before **<u>December 14, 2009</u>**.  Any amended petition shall be complete in all respects, and should address the issues raised by this Order.  It shall be a new pleading which stands by itself as an adequate petition without reference to the petition already filed.   If the petitioner fails to file an amended pleading by **<u>December 14, 2009</u>**, the Court will assume that the petitioner cannot provide further well-pleaded facts in support of this petition, and will make appropriate recommendations regarding whether the petition should be dismissed, for failure to prosecute by complying with this Court's order or for failure to state a claim upon which relief may be granted.

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge

Dated: November 30, 2009